**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAHAMAT IBRAHIM KHALID, | No. 20-73061 |
| Petitioner, | Agency No. A213-018-002 |
| v. | |
| TODD BLANCHE, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2026**
San Francisco, California

Before: LEE, MENDOZA, JR., and DE ALBA, Circuit Judges.

Petitioner Mahamat Ibrahim Khalid, a native and citizen of Chad, seeks

review of a Board of Immigration Appeals (BIA) decision affirming the

immigration judge's (IJ) order denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). As the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review questions of law de novo and the agency's factual findings for substantial evidence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation modified).

1.      Considering the totality of the circumstances, substantial evidence supports the agency's adverse credibility finding and determination that Petitioner failed to satisfy his burden of proof to show eligibility for asylum and withholding of removal. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (interpreting 8 U.S.C. § 1158(b)(1)(B)(iii) to require totality of the circumstances review); *see also Ruiz-Colmenares*, 25 F.4th at 748 ("An adverse credibility determination is a factual finding reviewed for substantial evidence.").

Specifically, substantial evidence supports the BIA's determination that Petitioner's use of fraudulent documents and misrepresentations do not fall into the narrow *Akinmade* exception. *See Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir. 1999) ("[W]e recognize that a genuine refugee escaping persecution may lie about his citizenship to immigration officials in order to flee his place of persecution or

2

secure entry into the United States."). The exception does not apply when "lies and fraudulent documents" are "no longer necessary for the immediate escape from persecution" such as when a petitioner "continue[s] to perjure himself and present fraudulent documents even when he was safely in the United States, away from his supposed persecutors." *Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011). In such circumstances, misrepresentations "support an adverse [credibility] inference." *Id.* That is the case here.

For example, in 2016, during his visa interview at the U.S. Embassy in Chad, Petitioner was a party to his uncle's misrepresentations: namely, that Petitioner intended to travel to the United States for business when he actually intended to seek asylum in the United States. At no point during the visa interview did Petitioner contradict his uncle. If Petitioner had applied for a travel document from Chadian authorities instead, perhaps the misrepresentations would have been consistent with Petitioner's claim that he was fleeing persecution. Yet Petitioner sought a visa from American authorities so that he could seek asylum in the United States. The misrepresentations therefore appear inconsistent with his claim.

Then, on arrival at the John F. Kennedy International Airport in New York, Petitioner did not seek asylum. This, in and of itself, does not support an adverse credibility finding. *See Karouni v. Gonzales*, 399 F.3d 1163, 1166 (9th Cir. 2005) (noting that applications for asylum must be filed within one year after arrival in

3

the United States).  However, after eleven days, Petitioner left the United States for Canada.  Petitioner sought asylum in Canada (not the United States) where he stayed for about ten months before he was deported to Chad.[1]  Petitioner's actions contradict his stated intention to seek asylum in the United States.  *Cf. id.*

In 2017, during his second visa interview at the U.S. Embassy in Chad, Petitioner again misrepresented that he intended to travel to the United States for business, even though he actually intended to seek asylum in the United States. This is inconsistent with his claim that he was fleeing persecution for the same reasons the misrepresentations at his first visa interview were inconsistent with his claim.

Then, on arrival at the Los Angeles International Airport, Petitioner misrepresented to an immigration agent that he was visiting the United States for tourism.  He testified that "an agent" previously told him that "if [he] . . . tell[s] [his] story to the agents in the airport, they would return [him] right away."[2] Petitioner nonetheless admitted his misrepresentations because he "didn't feel good" about them.  *Cf. Turcios v. INS*, 821 F.2d 1396, 1400–01 (9th Cir. 1987).

Given the inconsistencies described above, substantial evidence supports the agency's adverse credibility determination with respect to Petitioner's use of

---

[1]     Notably, Petitioner did not enter Canada through a port of entry, and he sought asylum only after he was apprehended by Canadian authorities.

[2]     The identity and employer of the agent who advised Petitioner is unclear.

fraudulent documents and misrepresentations. *See Alam*, 11 F.4th at 1137.

Substantial evidence also supports the agency's determination that declarations

Petitioner submitted were insufficient to corroborate his testimony or meet his

burden of proof given that Petitioner personally translated the declarations into

English from French or Arabic after participating in document fraud.[3] *See Wang v.*

*Sessions*, 861 F.3d 1003, 1008–09 (9th Cir. 2017). Without credible testimony or

documentary evidence, Petitioner cannot satisfy his burden of proof to show

eligibility for asylum and withholding of removal. *See Mukulumbutu v. Barr*, 977

F.3d 924, 927 (9th Cir. 2020).

2.      Substantial evidence supports the BIA's denial of Petitioner's CAT

claim. To the extent that Petitioner relies on his testimony and documentary

evidence to support his CAT claim, substantial evidence supports the agency's

adverse credibility determination with respect to Petitioner's testimony and

documentary evidence, as explained above. *See Yali Wang v. Sessions*, 861 F.3d

1003, 1009 (9th Cir. 2017). What remains is the country conditions evidence.

Although the country conditions evidence demonstrates, for example, "reports of

---

[3]     Petitioner also submitted a letter from an organization that included conclusory statements with respect to Petitioner's claim that he was fleeing persecution, and the agency properly determined that the letter carries "insufficient evidentiary weight." *See Prasad v. INS*, 47 F.3d 336, 338 (9th Cir. 1995) (requiring "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground") (citation modified).

politically motivated disappearances . . . and allegations the government held detainees incommunicado," this does not compel the conclusion that Petitioner faces a particularized risk of torture if removed. *See Singh v. Bondi*, 130 F.4th 1142, 1156 (9th Cir. 2025).

**PETITION DENIED.**[4]

---

[4]    The motion to stay removal, Dkt. No. 1, is denied.